HOFFSCHLAEGER COMPANY, LIMITED, *vs.* YOUNG NAP *alias* YOUNG LAP.

June 28, 1904.

*Bankruptcy.—Involuntary Proceedings.—Costs.—Witness' Fees.—U. S. R. S. Sec. 983.—Affidavit:* Under Section 983 of the Revised Statutes, allowing amounts paid witnesses to be taxed as costs, the affidavit must show that they have been actually paid.

*Same. Fees of Witnesses not Subpoenaed:* Fees paid witnesses attending without being subpoenaed allowed as costs.

*Same—Counsel Fees:* Counsel fees in a case of seizure of alleged bankrupt's property in connection with proceedings in bankruptcy are allowed by the statute—such seizure being a distinct matter.

*Same.—Damages for Detention:* ·Consideration of damages suffered on account of detention caused by seizure of property.

In Bankruptcy: Respondent's Motion for Costs, Expenses and Damages.

Thayer & Hemenway, Attorneys for Petitioner.

C. W. Ashford and E. M. Watson, Attorneys for Respondent.

DOLE, J. The property of respondent was seized under Section 3, Division E of the Bankruptcy Act. The petition in bankruptcy having been dismissed, the respondent has come in and asked to be allowed his costs, counsel fees, expenses and

damages occasioned by such seizure and detention of said property. Incidental to this motion petitioner's counsel, referring to the docket fee in the general proceedings, questioned whether counsel fees in this case would not be in the nature of double costs; he also questioned the costs paid for witness fees on the ground that the witnesses had not been subpoenaed and claimed also that the witness fees could not be made costs unless they had been actually paid.

Section 983 of the Revised Statutes allows "amount paid to "* * * witnesses" to be taxed as costs. The weight of authority in federal cases is to the effect that this section requires that the affidavit attached to the memorandum of the costs must show that witness fees have been actually paid. This, I think, is required by the statute. In this connection, I will add that the affidavit must also show that the services charged for have been actually and necessarily performed. *Jerman v. Stewart*, 12 Fed. Rep., 271, 276; *Beckwith v. Easton*, 3 Fed. Cas., 29, Case No. 1,212.

In regard to the necessity of a subpoena for witnesses before their fees can be allowed as costs, I find federal cases on both sides of the question but in recent years the prevailing authorities are in favor of the rule that "when a witness' attendance is "procured in good faith for the purpose of testifying in a cause, "it appears to me there is nothing in the reason of the matter "which should reject the allowance of the usual fees. Under "such circumstances the witness attends 'pursuant to law.' " *Cahn, et al., v. Monroe*, 29 Fed. Rep. 675, (1886); *The Vernon*, 36 Fed. Rep., 113 (1888); *Eastman v. Sherry*, 37 Fed. Rep., 844 (1889); *Burrow v. Kansas City Ft. S. & M. R. Co.*, 54 Fed. Rep., 278 (1893); *Pinson v. Atchison T. & S. F. R. Co.*, 54 Fed Rep., 464 (1893); *Simpkins v. Atchison, etc., Co.*, 61 Fed. Rep., 999 (1894); *Sloss Iron & Steel Co., v. South Carolina & G. R. Co.*, 75 Fed. Rep., 106 (1896); *Hanchett v. Humphrey*, 93 Fed. Rep., 895 (1899); *St. Matthews Sav. Bank v. Fidelity & Casualty Co.*, 105 Fed. Rep., 161 (1900).

In the matter of double costs, Section 3, Division E of the Bankruptcy Act allows counsel fees in the case of seizure of the bankrupt's property. . Other cases are covered by General Order in Bankruptcy No. 34, allowing the same costs in involuntary bankruptcy as are allowed in equity. Section 824 of the Revised Statutes allows, on the final hearing in equity, a docket fee of twenty dollars, which by General Order No. 34 is allowed also in ordinary bankruptcy proceedings. Therefore there are no double costs and no confusion arises from the allowance of the docket fee in ordinary proceedings in bankruptcy and the counsel fee in the proceedings to seize the bankrupt's property. The docket fee is allowed, not to parties, but to their attorneys in those cases only when counsel are retained and it relates to ordinary proceedings in bankruptcy. The counsel fee allowed in proceedings for seizing and holding the property of the presumed bankrupt is for special services and is a distinct matter. *In re Ghiglione,* 93 Fed. Rep., 186.

The matter of costs, therefore, in the proceedings under the petition in bankruptcy is referred back to the clerk to be corrected according to the foregoing rule.

The respondent put in evidence showing that he was inconvenienced by seizure of his property on the 29th of March, part of which, containing his children's things were returned to him about the middle of April. He was compelled to buy eighteen dollars worth of clothes because of this seizure of his own clothes, and also sixteen dollars worth of clothes for his children, in place of things that had been detained. His tickets being returned after this considerable delay, were cashed at five dollars less than what he had paid for them. The amount of work done by respondent's counsel in connection with the seizure of this property does not appear to be a great deal; some demands were made and some examination of the property, but very little professional work. The property was released in consequence of the dismissal of the petition, such professional work which was necessary in reaching this result

being independent of the issue raised by the seizure of the goods, in other words, such professional work would have been done in all probability if there had been no seizure of goods. I think that fifty dollars is a reasonable allowance for this item of counsel fees.

In regard to the damages on account of detention, respondent has shown a money expenditure of thirty-nine dollars and all the goods for which the larger part of this money was paid are presumably not used up and may still be in good order and use.     There are considerations of damages which cannot be definitely testified to, such as inconvenience which will be recognized by any one especially one who has travelled, as a matter which cannot be entirely ignored.     I will allow for respondent's costs, counsel fees, expenses and damages on account of such seizure and detention of his property, one hundred dollars.

The petitioner's counsel questioned the authority of the court to act in the matter of the bond filed preliminary to such seizure.     The statute says, "counsel fees, costs, expenses and "damages shall be fixed and allowed by the court and paid by "the obligors on such bond."     I do not see any difficulty in the matter, for if the obligors should refuse to pay the costs and expenses allowed by the court they would certainly be liable on their bond.